UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00645-RJC-DCK

| | |
|---|---|
| BLAKENEY PRESERVE HOMEOWNERS ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE HANOVER AMERICAN INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

ORDER

**THIS MATTER** is before the Court on Plaintiff Blakeney Preserve Homeowners Association, Inc.'s Motion for Entry of Judgment under Rule 54(b), (Doc. No. 62), seeking entry of final judgment as to its second and third claims for relief and a stay of all pending litigation. Plaintiff indicates that it consulted with Defendant, and Defendant takes no position on the motion. (*Id.* at ¶ 4). For the reasons explained below, Plaintiff's Motion for Entry of Judgment is **DENIED**.

I.     BACKGROUND

The case's background and procedural history are set forth in the Court's order granting Defendant's Motion for Summary Judgment, which the Court incorporates by reference. *See* (Doc. No. 60 at 1–8). On June 7, 2024, the Court granted Defendant's Motion for Summary Judgment on Plaintiff's claims for breach of the covenant of good faith and fair dealing and unfair and deceptive trade practices and acts pursuant to N.C.G.S. § 75-1.1; the Court set a jury trial on Plaintiff's remaining breach of contract

1

claim for July 8, 2024. (*Id.* at 21). On June 13, 2024, Plaintiff filed a Motion for Entry of Judgment under Rule 54(b) seeking entry of final judgment as to Plaintiff's second and third claims for relief and a stay of the pending litigation. (Doc. No. 62).

## II. STANDARD OF REVIEW

Rule 54(b) provides, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of a Rule 54(b) entry of a final judgment is "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" and "to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Because of the importance of preventing piecemeal appeals, a Rule 54(b) entry of a final judgment is recognized as the exception rather than the norm and is disfavored in the Fourth Circuit. *Bell Microproducts, Inc. v. Global-Insync, Inc.*, 20 F. Supp. 2d 938, 942 (E.D. Va. 1998).

The Court's determination of whether to enter final judgment involves two steps. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. *Id.* at 7. Second, the Court must determine whether there is any "just reason for delay" in entering a judgment. *Id.* at 8. In this step, the Court should

consider "judicial administrative interests as well as the equities involved." *Id.* The burden to persuade the Court that entry of final judgment is appropriate rests with the moving party. *Braswell*, 2 F.3d at 1335.

Rule 54(b) certification of appealability is for the rare case where no just reason for delay in entering a judgment exists. *Curtiss-Wright*, 446 U.S. at 8. The Fourth Circuit has listed several factors the Court should consider, if applicable, when determining whether there is just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Braswell*, 2 F.3d at 1335–36. "[T]he fact the parties on appeal remain contestants below militates against the use of Rule 54(b)." *Id.* at 1336–37 ("It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." (quoting *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 44 (1st Cir. 1988)).

### III. DISCUSSION

The Court, having considered Plaintiff's arguments, cannot conclude that there is no just reason for delay of entry of final judgment in this case. While none of the factors are dispositive, the *de minimus* nature of the delay to Plaintiff's appeal, the related nature of the causes of action, and considerations of judicial efficiency warrant denial of Plaintiff's motion.

3

First, the Court has set a jury trial in this matter on Plaintiff's remaining breach of contract claim for July 8, 2024 – less than one month from the time Plaintiff filed the instant motion. The case has been on the docket since December 1, 2022. Given the trial's proximity, the Court finds the delay to Plaintiff's appeal of its second and third claims for relief *de minimis*. *See Syngenta Crop Prot., LLC v. Willowood Azoxystrobin, LLC*, No. 1:15-CV-274, 2017 U.S. Dist. LEXIS 237216, at *3 (M.D.N.C. July 14, 2017) (denying 54(b) motion when claims involved the same parties and some related factual circumstances and trial was scheduled to begin in less than two months) (citing *Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, No. 1:11cv458, 2012 WL 12902711, at *3 (E.D. Va. May 31, 2012) (denying 54(b) motion when claims were closely factually related and trial was scheduled to begin in two months); *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co.*, No. 12-859, 2016 U.S. Dist. LEXIS 172626, 2016 WL 7231893, at *2 (E.D. Pa. Dec. 14, 2016) (denying 54(b) motion due to impending trial and party's ability to appeal within three or four months); *SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1201 (S.D. Cal. 2012) (denying 54(b) motion when immediate appeal would not simplify issues at trial in six months and would create "the potential for two separate appeals and two separate trials")).

Second, Plaintiff's causes of action involve the same parties and arise from a common set of facts and circumstances. While the legal issues are distinct, the adjudicated and unadjudicated claims are likely to involve at least limited related evidence regarding the reasonableness of Defendant's conduct throughout its claim

investigation process. When coupled with the *de minimis* delay in Plaintiff's appeal, the Court finds that the overlap in the factual basis between the adjudicated and unadjudicated claims constitutes a just reason for delay of final judgment. *Lowery v. Fed. Express Corp.*, 426 F.3d 817, 823 (6th Cir. 2005) ("The greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal.").

Judicial economy and efficiency further weigh in favor of denying Plaintiff's motion. Notwithstanding the claims' relatedness, an immediate appeal of the Court's summary judgment order will not decide all issues in this case such that a trial on Plaintiff's breach of contract claim would become abbreviated or unnecessary. Thus, allowing immediate appeal of the Court's order and staying the remaining breach of contract claim – especially given the imminent trial – would unduly delay resolution of the matter. The cost and inefficiencies of halting the parties' trial preparation at this late stage further warrant denial of Plaintiff's motion.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Entry of Judgment under Rule 54(b), (Doc. No. 62), is

**DENIED**.

Signed: June 17, 2024

Robert J. Conrad, Jr.
United States District Judge